WALDEN, Judge
(concurring in part; dissenting in part) :
I concur as concerns the affirmance of the defendant’s conviction of murder in the first degree. I respectfully dissent as concerns the defendant’s conviction of forcible rape. I would discharge as concerns the charge of rape.
The testimony of the prosecutrix as to the rape is so totally improbable as to render the defendant’s conviction of same infirm and a proper subject for reversal.
Taking well into account the circumstances and activities of the parties and their companions both before and after the alleged rape, it is beyond this writer’s capabilities of belief to accept that the prosecutrix’s sexual intercourse with the defendant was the equivalent of forcible, legal rape. The lapse of time, the conversations, the cooperation and, most compellingly, the several real opportunities to make outcry for help and to escape, of which the prosecutrix made no effort to take advantage, lead to only one possible conclusion — the intercourse was consensual.
The evidence of forcible rape by putting in fear (F.S. § 794.01 (1971), F.S.A.), is insufficient to support a conviction. Johnson v. State, 118 So.2d 806 (2d D.C.A.Fla.1960).